UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ESCARLET N. BENITEZ,

              Plaintiff,

vs.

TRUE CHOICE TELECOM, LLC.,

              Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ESCARLET N. BENITEZ, (hereinafter referred to as "Ms. Benitez"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against TRUE CHOICE TELECOM, LLC, ("True Choice"), and states as follows:

### I. NATURE OF CLAIM

1. This is an action for damages for: (1) discrimination based on gender and pregnancy; (2) discrimination for having a perceived disability; (3) failure to reasonably accommodate; and (4) breach of contract.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Seminole County, Florida in the Orlando Division of the Middle District of Florida.

1

## III. FACTS

4. Ms. Benitez was employed by True Choice in Seminole County, Florida as a client service assistant from approximately March 2017 to September 13, 2018.

5. True Choice works with its business clients in obtaining internet, data, and VoIP services for them.

6. At all relevant times, True Choice employed fifteen (15) or more employees.

7. On or about June 2018, Ms. Benitez advised True Choice she was pregnant.

8. On or about July 2018, Ms. Benitez requested a reasonable accommodation to her work schedule because of her pregnancy.

9. On or about July 2018, True Choice offered to allow Ms. Benitez to work one-half her schedule in the office and one-half her schedule from home once she was further along in her pregnancy and upon the birth of her child.

10. In early September 2018, Ms. Benitez met with Lori Williams, True Choice management, and requested maternity leave from True Choice. Ms. Benitez was advised that True Choice did not provide maternity leave, but Ms. Benitez would receive eight (8) weeks of leave.

11. During the early September 2018 meeting, Lori Williams asked Ms. Benitez how long she would be out of work due to her pregnancy and whether she would be returning to work after giving birth.

12. Ms. Benitez was terminated within two weeks of her September 2018 meeting with True Choice.

13. Commencing in August 2018, Ms. Benitez's hourly rate was $15.14 per hour.

14. True Choice failed to pay Ms. Benitez her last paycheck for pay period of September 9, 2018 to September 15, 2018, with payday of September 21, 2018.

15. Ms. Benitez has retained LaBar & Adams, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Prior to filing this civil action, Ms. Benitez filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and/or the Florida Commission on Human Relations (FCHR). (*See* Exhibit "A").

17. On or about August 15, 2019, Ms. Benitez received a Determination of Reasonable Cause from FCHR. (*See* Exhibit "B").

### COUNT I

18. Ms. Benitez incorporates by reference as though fully set out herein the allegations of paragraphs numbered 4-15 of this Complaint.

19. Ms. Benitez was and is qualified to perform the duties of her job.

20. Ms. Benitez is a female.

21. During all relevant times, Ms. Benitez was pregnant.

22. Because Ms. Benitez is a female, she was treated differently than other similarly situated employees that were not female.

23. Because Ms. Benitez was pregnant, she was treated differently than other similarly situated employees that were not pregnant.

24. A motivating factor of True Choice terminating Ms. Benitez was that she was a female.

25. A motivating factor of True Choice terminating Ms. Benitez was that she was pregnant.

26. True Choice would not have terminated Ms. Benitez but for the fact she was a female.

27. True Choice would not have terminated Ms. Benitez but for the fact she was pregnant.

28. On or about July 2018, Ms. Benitez requested a reasonable accommodation because of a medical condition related to her pregnancy.

29. True Choice refused to accommodate Ms. Benitez.

30. True Choice accommodated other employees other than Ms. Benitez that were similar in their ability or inability to work.

31. True Choice's actions described herein, were done with reckless indifference to Ms. Benitez's rights pursuant to Florida and Federal law.

32. As a direct and proximate result of the unlawful discrimination occurring at True Choice, Ms. Benitez has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Ms. Benitez respectfully requests that this court grant the following relief:

A. Award Ms. Benitez lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

4

B. Award Ms. Benitez compensatory damages, including mental and emotional distress, and front pay;

C. Award Ms. Punitive damages against True Choice;

D. Award Ms. Benitez pre-judgment and post-judgment interest;

E. Award Ms. Benitez the costs of this action, together with reasonable attorney's fees; and

F. Award Ms. Benitez such other and further relief as is just and proper.

## COUNT II

33. Ms. Benitez incorporates by reference as though fully set out herein the allegations of paragraphs numbered 4-15 of this Complaint.

34. True Choice regarded Ms. Benitez as being a person with a handicap or disability that substantially limited one or more major life activities.

35. Ms. Benitez's pregnancy was not merely transitory or minor as its duration was more than six (6) months.

36. Ms. Benitez was qualified for her job apart from her handicap or disability.

37. True Choice has taken an adverse employment actions against Ms. Benitez because it regarded her as being handicap or disabled.

38. Ms. Benitez has suffered an adverse employment action because of True Choice perceiving her as having a physical or mental impairment.

39. True Choice perceiving Ms. Benitez as having a handicap or disability was a motivating factor in it taking its adverse employment action against her.

40. Ms. Benitez requested that True Choice reasonably accommodate her handicap or disability.

41. True Choice refused to reasonably accommodate Ms. Benitez's handicap or disability.

42. True Choice failed in engage in the interactive process with Ms. Benitez regarding her request for a reasonable accommodation.

43. It would not have imposed an undue hardship on True Choice to reasonably accommodate Ms. Benitez's handicap.

44. True Choice's actions described herein, were done with reckless indifference to Ms. Benitez's rights pursuant to the FCRA and the American with Disabilities Amendments Act.

45. As a direct and proximate result of the unlawful discrimination occurring at True Choice, Ms. Benitez has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Ms. Benitez respectfully requests that this court grant the following relief:

A. Award Ms. Benitez lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B. Award Ms. Benitez compensatory damages, including emotional distress, and front pay;

C. Award Ms. Punitive damages against True Choice;

D. Award Ms. Benitez pre-judgment and post-judgment interest;

E. Award Ms. Benitez the costs of this action, together with reasonable attorney's fees; and

F.  Award Ms. Benitez such other and further relief as is just and proper.

## COUNT III

46. Ms. Benitez incorporates by reference as though fully set out herein the allegations of paragraphs numbered 4-15 of this Complaint.

47. On or about July 2018, Ms. Benitez requested a reasonable accommodation to her work schedule because of her pregnancy.

48. In early September 2018, Ms. Benitez met with Lori Williams and requested maternity leave from True Choice. Ms. Benitez was advised that True Choice did not provide maternity leave, but Ms. Benitez would receive eight (8) weeks of leave.

49. During the early September 2018 meeting, Lori Williams asked Ms. Benitez how long she would be out of work due to her pregnancy and whether she would be returning to work after giving birth.

50. On September 13, 2018, True Choice terminated Ms. Benitez in response to her seeking to enforce her perceived rights under Federal and Florida law.

51. Ms. Benitez had a good faith and reasonable belief that she was entitled to maternity leave pursuant to Federal and Florida law.

52. True Choice would not have terminated Ms. Benitez but for her request for a maternity leave.

53. Ms. Benitez request for a maternity leave was a motivating factor in True Choice terminating Ms. Benitez.

54. As a direct and proximate result of the unlawful retaliation by True Choice, Ms. Benitez has suffered and continues to suffer direct and consequential damages,

including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Ms. Benitez respectfully requests that this court grant the following relief:

A. Award Ms. Benitez lost wages, including lost fringe benefits, which resulted from the illegal retaliation;

B. Award Ms. Benitez compensatory damages, including mental and emotional distress, and front pay;

C. Award Ms. Punitive damages against True Choice;

D. Award Ms. Benitez pre-judgment and post-judgment interest;

E. Award Ms. Benitez the costs of this action, together with reasonable attorney's fees; and

F. Award Ms. Benitez such other and further relief as is just and proper.

## COUNT IV

55. Ms. Benitez incorporates by reference as though fully set out herein the allegations of paragraphs numbered 4-15 of this Complaint.

56. True Choice agreed to pay Ms. Benitez $15.14 per hour for all hours worked in September 2018.

57. True Choice failed to pay Ms. Benitez her last paycheck for pay period of September 9, 2018 to September 15, 2018, with payday of September 21, 2018.

58. As a result of True Choices failure to pay Ms. Benitez her wages, she has suffered damages.

59. In early September 2018, True Choice agreed to provide Ms. Benitez with eight (8) weeks of leave.

60. Ms. Benitez accepted True Choices offer of eight (8) weeks of leave.

61. True Choice breached its agreement of providing Ms. Benitez eight (8) weeks of leave and terminated her instead.

62. As a result of True Choices failure to provide Ms. Benitez the eight weeks of leave, she has suffered damages.

**WHEREFORE**, Ms. Benitez respectfully requests that this court grant the following relief:

A. Award Ms. Benitez's damages;

B. Award Ms. Benitez pre-judgment and post-judgment interest;

C. Award Ms. Benitez the costs of this action, together with reasonable attorney's fees and costs; and

D. Award Ms. Benitez such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Ms. Benitez demands a jury trial on all issues contained herein this Complaint.

Dated: 11/8/19

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)